# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| PATSY HORTON, on behalf of herself and all those similarly situated who consent to representation, | ) ) ) |
| | ) Civil Action Number: 3:14-cv-9-TCB |
| | ) |
| | ) FLSA Collective Action |
| Plaintiffs, | ) Jury Trial Demanded |
| v. | ) |
| | ) |
| THEODORAKIS DINER GROUP, LLC, D/B/A BROADWAY DINER, a Georgia Corporation, STEVE THEODORAKIS, and PAM THEODORAKIS, individuals, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Patsy Horton ("Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Theodorakis Diner Group LLC D/B/A Broadway Diner, Steve Theodorakis, and Pam Theodorakis (collectively "Defendants") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.  The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful minimum hourly wage.

2. Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Other current and former employees of Defendant Theodorakis Diner Group LLC D/B/A Broadway Diner (hereinafter "Defendant Broadway Diner") located at 535 South Glynn Street, Fayetteville, Georgia 30214, in the State of Georgia are also entitled to receive minimum hourly wage compensation for the reasons alleged in this Complaint.

4. The above-named Plaintiff may be permitted to maintain this action "for and on behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5. Any similarly situated current or former employee of Defendant Broadway Diner wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court.  29 U.S.C. § 216(b).

6. This action is brought to recover unpaid minimum hourly wage owed to Plaintiff and other current and former employees of Defendant Broadway Diner who are similarly situated to Plaintiff, pursuant to the FLSA.

7. Plaintiff and any collective group similarly situated were or are employed by Defendants working at various times during their employment by Defendants as servers, bussers, food runners, bartenders, and/or any other position which received tips.

8. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate minimum hourly wage.

9. Plaintiff and all similarly situated current and former employees of Defendant Broadway Diner who elect to participate in this action seek unpaid minimum hourly wage, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

11. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

12. Plaintiff resides in Fayetteville, Fayette County, Georgia (within this District) and is a citizen of the United States. Plaintiff has been employed by Defendant Broadway Diner from on or about October 2009 until on or about January 6, 2014 as a server.

13. At all times material to this action, Plaintiff and any collective group similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203 and 206 of the FLSA for the period in which they were employed by Defendants.

14. Defendant Broadway Diner is a corporation formed under the laws of the State of Georgia and owns and operates the restaurant "Broadway Diner" located in Fayetteville, Georgia.

15. Defendant Steve Theodorakis is listed on the Georgia Secretary of State's web site as the Registered Agent of Defendant Broadway Diner and is a resident of Hampton, Henry County, Georgia.

16. Defendant Pam Theodorakis is a resident of Hampton, Henry County, Georgia.

17. Defendants conduct business within this State and District.

18. Defendant Broadway Diner is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Steve Theodorakis, at 535 S. Glynn Street, Fayetteville, Georgia 30214.

19. Defendant Steve Theodorakis is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 535 S. Glynn Street, Fayetteville, Georgia 30214.

20. Defendant Pam Theodorakis is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 535 S. Glynn Street, Fayetteville, Georgia 30214.

21. At all times material to this action, Defendant Broadway Diner was an enterprise engaged in commerce or in the production of goods for commerce as

defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

22. At all times material to this action, Defendant Broadway Diner was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA and maintained either actual or constructive control, oversight and direction of Defendant Broadway Diner, including the employment and pay and other practices of that operation.

23. Upon information and belief, at all times material to this action, Defendant Steve Theodorakis was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA and upon information and belief maintained either actual or constructive control, oversight and direction of Defendant Broadway Diner, including the employment and pay and other practices of that operation.

24. Upon information and belief, at all times material to this action, Defendant Pam Theodorakis was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA and upon information and belief maintained either actual or constructive control, oversight and direction of Defendant Broadway Diner, including the employment and pay and other practices of that operation.

25. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

26. The tipped employee provisions set forth in § 203 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

27. Plaintiff worked at Defendant's Broadway Diner located in Fayetteville, Georgia.

28. Upon information and belief, Defendants employed, in the past three years prior to the filing of this Complaint, over 20 separate individuals who received tips as part of their compensation.

29. The tip policy/practice was the same or similar for Plaintiff and all those similarly situated employees for the relevant time period of this Complaint.

30. Plaintiff's duties and the duties of other current and former employees similarly situated included servicing Defendants' customers by performing duties such as taking food and beverage orders, serving food and beverage orders, and clearing tables.

31. At all times relevant to this action, it was the policy and/or practice of Defendants to compensate Plaintiff and other current and former employees similarly situated an hourly wage plus tips and such hourly wage was less than the federal minimum wage.

32. At all times relevant to this action, Plaintiff and other current and former employees similarly situated of Defendant Broadway Diner restaurant did not retain all tips they received.

33. At all times relevant to this action, Defendants took a tip credit against the wages of Plaintiff and those similarly situated.

34. Upon information and belief, at all times relevant to this action, Plaintiff and other current and former employees similarly situated were not allowed to retain all of their tips.

35. Upon information and belief, at all times relevant to this action, it was Defendants' policy and/or practice that Plaintiff and other current and former employees similarly situated were required by Defendants to contribute 2% of their credit card sales to Defendant Broadway Diner.

36. Upon information and belief, at all times relevant to this action, it was Defendants' policy and/or practice that Plaintiff and other current and former employees similarly situated were also required by Defendants to contribute 3% of their gross sales to Defendant Broadway Diner.

37. Upon information and belief, at all times relevant to this action, Plaintiff's tips and those of other current and former employees similarly situated,

were not used for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips, in violation of the FLSA.

38. Upon information and belief, Defendant Broadway Diner retained a portion of the tips of Plaintiff, and other current and former employees similarly situated, to offset the hourly wage of non-tipped employees, including kitchen staff or other employees, in violation of the FLSA.

39. At all times relevant to this action, because Defendant Broadway Diner illegally retained a portion of tips from Plaintiff and other current and former employees similarly situated, the tips received by Plaintiff and those similarly situated may not be considered as part of wages paid to them for purposes of satisfying Defendants' minimum wage obligations.

40. Defendants failed to meet the requirements for paying Plaintiff and other current and former employees similarly situated minimum wage, exclusive of an additional amount on account of the tips received by such employees, as required under the requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

41. At all times relevant to this action, Plaintiff and other current and former employees similarly situated were non-exempt employees for purposes of overtime compensation.

42. Defendants are liable to Plaintiff and other current and former employees similarly situated for compensation for all time worked in which they were paid at a rate of pay less than the federal minimum wage rate.

43. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and other current and former employees similarly situated of have suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of Defendants' willful violations of the FLSA, Plaintiff and other current and former employees similarly situated are entitled to liquidated damages.

45. Plaintiff has retained the undersigned counsel to represent her and other current and former employees similarly situated in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

46. Plaintiff demands a jury trial.

## COUNT I

47. Plaintiff repeats and incorporates by reference paragraphs 1-48 herein.

48. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

49. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to current and former employees of Defendant Broadway Diner, including Plaintiff and other similarly situated employees in accordance with §§ 203 and 206 of the FLSA.

50. As a result of Defendants' violations of the FLSA, Plaintiff, as well as other similarly situated employees have suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

51. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees of Defendant Broadway Diner.

52. As a result of the unlawful acts of Defendants, Plaintiff and all current and former employees similarly situated have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded pre- and post-judgment interest;

C. That all Plaintiffs be awarded reasonable attorneys' fees;

D. That all Plaintiffs be awarded the costs and expenses of this action; and

E. That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 25th day of January, 2013.

                MARTIN & MARTIN, LLP

                By:   /s/ Kimberly N. Martin
                        Kimberly N. Martin
                        kimberlymartinlaw@gmail.com
                        Georgia Bar No. 473410
                        Thomas F. Martin
                        tfmartin@martinandmartinlaw.com
                        Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax

13